

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John Q. McAdams, Commissioner
Department of Banking
Austin, Texas

Attention:  Mr. Jamison

Dear Sir:

Opinion No. O-4984
Re:  Under the facts stated is a
credit union examiner obligat-
ed to remit to the Banking
Commissioner not less than
10% of the fees collected each
month, and a related question?

Your letter of November 19, 1942, requesting the
opinion of this department on the questions stated therein
has been received and carefully considered. Your letter reads
in part as follows:

"There seems to exist some room for a dif-
ference of opinion as to the application of the
law as it affects receipts and disbursements of
our credit union division. The 47th Legislature
placed the supervision of credit unions under
this Department and Article 2465 has to do with
the collection of fees and disbursements in con-
nection therewith. Examinations have been made
of credit unions by a special examiner identi-
fied as a credit union examiner, being Item 2 of
the article mentioned. Our general appropriation
makes reference to the credit union division in
respect to the salary item of the supervisor, the
legal advisor, and also under Item 3), being build-
ing and loan and loan and brokerage and credit
union travel and other items of contingent ex-
pense including bond premium. Likewise, the item
of travel expense is covered under the special
article mentioned above which as indicated, gives
rise to some confusion as to the application of
the law. As hereinabove stated, a credit union

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL

examiner has been appointed and his salary set at
$300.00 per month. Specifically we should like
advise on the questions set out below:

"(1) Is a credit union examiner obligated
to remit to the Banking Commissioner not less than
10% of fees collected each month?

"By way of illustrating your answer to the
above question, would you please advise as to the
accounting that would be necessary under four
months period of operation assuming collections
and expenses incurred as set out below:

|  | "Fees Collected | Expenses Incurred |
|---|---|---|
| 1st Month | $400.00 | $100.00 |
| 2nd Month | 425.00 | 150.00 |
| 3rd Month | 500.00 | 150.00 |
| 4th Month | 350.00 | 125.00 |

"(2) Is the credit union examiner entitled
to $4.00 per day travel expenses (plus cost of
transportation) on a per diem basis or is the $4.00
per day travel expenses (plus cost of transporta-
tion) subject to the same rules enumerated under
General Provisions Acts of the 47th Legislature,
Sec. 2, Subsection 12 through Subsection 13?

". . . ."

Article 2465, Vernon's Annotated Civil Statutes,
provides:

"Such credit union shall maintain such books
and records as the Banking Commissioner may deem
necessary. The Banking Commissioner shall cause
each credit union to be examined at least once
yearly, such examination to be made by (1) some
competent person or persons designated by the Bank-
ing Commissioner, who shall be paid by the Banking
Commissioner an amount not to exceed ninety (90)
per cent of the fees as herein provided, which
said fees shall be paid to said Banking Commission-
er by the respective unions examined as provided
by this Act as compensation for his or their services
and as reimbursement for travel expenses and other

expenses incurred; (2) by one or more credit union examiners, who shall be appointed by the Banking Commissioner and shall receive a salary of not exceeding Three Hundred Dollars ($300) per month, and shall be reimbursed for travel expenses in the sum of Four Dollars ($4) per day, plus cost of transportation, such examiners to retain their salary and expenses, as above provided out of fees collected by them as hereinafter provided; (3) or by the Deputy Commissioner, Departmental Examiner, any bank examiner, assistant bank examiner, building and loan supervisor or building and loan examiner, who shall receive and retain the fees collected by them as hereinafter provided, such fees so collected to be credited on the salary of the person collecting the same, so that such person shall in no event receive compensation in excess of his salary as provided by law.

"Each credit union examined shall pay an examination fee fixed by the Banking Commissioner not to exceed Twenty-five Dollars ($25) per day per person engaged upon such examination.

"All fees, as above provided, shall be paid by the credit union to the person or persons making the examination, and such persons shall make a monthly account to the Banking Commissioner of the fees so collected during the preceding month, fees in excess of those retained by the examiner as above provided shall be paid to the Banking Commissioner and by him deposited with the State Treasurer to be held in a special fund and used for the purpose of enforcing the provisions of this law.

"After September 1, 1945, the number of the employees and the salaries of each shall be as fixed in the biennial Departmental Appropriation Bill. Acts 1913, p. 162; Acts 1929, 41st Leg., p. 46, ch. 17, § 1; Acts 1929, 41st Leg., 2nd C. S., p. 166, ch. 65, § 1; Acts 1941, 47th Leg., p. 1399, ch. 634, § 1."

Honorable John ?. McAdams, Commissioner, Page 4

It will be noted under the provisions of the foregoing statute that each credit union shall be examined at least once each year and that such credit unions shall maintain such books and records as the Banking Commissioner shall deem necessary. It will be noted further that the provisions of the foregoing statute expressly provide three ways by which such examinations may be made. The Banking Commissioner may designate some competent person or persons who shall be paid by the Banking Commissioner an amount not to exceed 90% of the fees as provided by the statute, said fees shall be paid to the Banking Commissioner by the respective unions examined as provided by the Act as compensation for the services of the examiner or examiners and such 90% of the fees collected includes the compensation for such examiner or examiners and his or their traveling expenses and other expenses incurred. If the person or persons making the examination are employed by the Banking Commissioner under this provision of the statute said examiner or examiners would be required to remit to the Banking Commissioner at least 10% of all fees collected regardless of the amount collected.

Under the facts stated in your letter the examinations in question were made by a special examiner identified as a credit union examiner in accordance with the second method of examination as authorized by Article 2465, supra. Under this provision of the statute the examiner or examiners are appointed by the Banking Commissioner and shall receive a salary of not exceeding $300.00 per month, and shall be reimbursed for travel expenses in the sum of $4.00 per day, plus cost of transportation, such examiner or examiners shall retain his or their salary or salaries and expenses out of fees collected by them. Our interpretation of this provision of the statute is that the examiner can retain out of the fees collected a salary not exceeding $300.00 per month and actual traveling expenses not exceeding $4.00 per day plus cost of transportation. If the examiner or examiners are employed under this provision, he or they are not required to remit to the Banking Commissioner 10% or any other percent of the fees collected, provided, such fees collected do not exceed the amount of salary and traveling expenses and expenses of transportation allowed by such provision. However, if the amount of fees collected exceeds the salary of $300.00 per month and the necessary traveling expenses not exceeding $4.00 per day and the expense of transportation, the remaining balance must be remitted to the Banking Commissioner and by him deposited with the State Treasurer to be held in a special fund and used for the purposes of enforcing the provisions of the statute.

Honorable John R. McAdams, Commissioner, Page 5

        With reference to the amounts set out on page 2 of your letter, as quoted above, for the first month, the examiner collected $400.00 and his expenses were $100.00. As the salary of the examiner was $300.00 per month as stated in your letter and if the $100.00 is the expense actually incurred by said examiner there is no remittance to be made to the Banking Commissioner. The same is true with reference to the second and fourth months mentioned. However, with reference to the third month the examiner would be required to remit to the Banking Commissioner the sum of $50.00.

        We now consider your second question. It is our opinion that the credit union examiner is entitled to his actual and necessary traveling expenses not to exceed $4.00 per day plus his actual cost of transportation. In other words if the necessary traveling expenses of the examiner are less than $4.00 per day he would not be entitled to such sum of $4.00 but would be only entitled to the actual and necessary traveling expenses plus the cost of transportation. It is our further opinion that the provisions of the general appropriation bill are not applicable to the questions under consideration.

        Trusting that the foregoing fully answers your inquiry, we are

                                Yours very truly

                            ATTORNEY GENERAL OF TEXAS

                            Ardell Williams

        By

                            Ardell Williams
                            Assistant

AW:mp


        APPROVED DEC 2 1942

        Gerald C. Mann

        ATTORNEY GENERAL OF TEXAS